IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-00017-BO

PAMELA BLACKMORE )
JENKINS-GAYLORD, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
PRESIDENT JOSEPH BIDEN and VICE )
PRESIDENT KAMALA HARRIS, )
 )
        Defendants. )

Before the Court is Plaintiff Pamela Blackmore Jenkins-Gaylord's motion for the Court to order service by the United States Marshal under Federal Rule of Civil Procedure Rule 4(c)(3). [DE 6]. Plaintiff asks the Court to order the Marshal to serve process on Defendants President Biden and Vice President Kamala Harris. The Court notes that Plaintiff has paid the filing fee and is not proceeding in forma pauperis under 28 U.S.C. § 1915.

Under Federal Rule of Civil Procedure 4(c)(3), the Court, at plaintiff's request, "may order that service be made be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3). "In exercising this discretion, courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Bax v. Exec. Off. of U.S. Att'ys*, 216 F.R.D. 4, 4 (D.D.C. 2003). To that end, Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." *Cummings v. Keefer*, No. 3:22-cv-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c) advisory committee's

note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)). Thus, "[a] Rule 4(c)(3) application should set forth whatever steps to serve already have been taken. In addition, the Rule 4(c)(3) application must provide a factual basis for why a court order is necessary to accomplish service." *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citation and internal quotations omitted).

Here, Plaintiff's motion for service by the United States Marshall is a bare-bones request that falls short of the principles that animate Rule 4(c)(3). Other than requesting service and for a waiver of service costs, Plaintiff's motion is devoid of any additional information. Critically, Plaintiff does not indicate what steps she has taken to effect service of process or provide any factual basis for why service by the United States Marshal is necessary. In sum, nothing indicates that this Court should exercise its discretion to order the Marshal to effect service. Accordingly, Plaintiff's Motion [DE 6] is DENIED.

Given Plaintiff's reliance on the United States Marshal to effectuate service, the Court will extend the time for service under Federal Rule of Civil Procedure 4(m). Plaintiff shall have by and through 9 August 2024 to effect proper service on defendants. Failure to effect service on any defendant by that date, without good cause for that failure, will result in dismissal of the complaint without prejudice under Rule 4(m).

SO ORDERED, this 12 day of July 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2