IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-00017-BO

PAMELA BLACKMORE )
JENKINS-GAYLORD, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
PRESIDENT JOSEPH BIDEN and VICE )
PRESIDENT KAMALA HARRIS, )
 )
    Defendants. )

By order entered 12 July 2024, the Court denied plaintiff's motion to order service by the United States Marshal under Fed. R. Civ. P. 4(c)(3) and notified plaintiff that failure to effect service on any defendant by 9 August 2024, without good cause for that failure, would result in dismissal of the complaint without prejudice under Rule 4(m).

On 30 July 2024, plaintiff filed a second motion in which she contends that she has exhausted all means within her control to serve the defendants and further asking the Court to permit her to proceed *in forma pauperis* so that the United States Marshal will effect service.

First, plaintiff's second motion does not demonstrate good cause for failing to effect service on or before 9 August 2024. Plaintiff's second motion only describes the actions she took prior to moving for an order directing service by the Marshal, not good cause for failing to effect service by the new deadline of 9 August. As she has failed to show good cause, plaintiff's complaint is properly dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Second, whether the Court were to permit plaintiff to proceed *in forma pauperis* or not, the complaint is subject to frivolity review. *See* 28 U.S.C. § 1915(e); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015). A case is frivolous if it lacks an arguable basis in either law or fact. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact when it describes "factual contentions [that] are clearly baseless" or it describes "fantastic and delusional scenarios." *Id.* at 327–328.

In her complaint, plaintiff has filed a claim against President Biden and Vice President Harris. She describes the suit as "torts to land," "civil rights public corruption" and "illegal demolition of a property" in Plymouth, North Carolina. [DE 1 at 2]. Plaintiff further alleges that "taxes were miscalculated for abuse/usery" and "conspiracy." *Id.*

Plaintiff's complaint lacks an arguable basis in law or fact. Plaintiff's claims lack clarity and specificity, and the Court is unable to discern the nature of her claim. She has also named only the President and Vice President of the United States as defendants. The President of the United States enjoys absolute immunity for damages based upon official acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). The same analysis applies to provide the Vice President with absolute immunity for damages based upon official acts. *See Sykes v. Frank*, No. 8:08-4049-GRA-BHH, 2009 WL 614806, at *8 n.3 (D.S.C. Mar. 6, 2009); *see also Dixon v. Biden*, No. 23-CV-0748 (LTS), 2023 U.S. Dist. LEXIS 102232, at *5 (S.D.N.Y. June 12, 2023) (sovereign immunity bars claims against Vice President). Moreover, it is frivolous to assert that the President and Vice President were involved in the demolition of property in Plymouth, North Carolina.

## CONCLUSION

Accordingly, plaintiff's motion for court to order service [DE 9] is DENIED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) and as frivolous. The clerk is DIRECTED to close the case.

SO ORDERED, this 16 day of December 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE